**Edwin A. Potter, Receiver of the Calumet El. St. Ry. Co. v. Patrick H. O'Donnell, Adm., etc.**

1. STREET CAR COMPANIES—*Duty to Sound an Alarm at Street Crossings.*—Not merely the law, but common usage as well, as a proper regard for the safety of others, make it the duty of street car companies, as their vehicles approach a street crossing, to sound an alarm, and whether they do so or not, is a question of fact for the determination of a jury.

Trespass on the Case.—Death from alleged negligence. Error to the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1901. Affirmed. Opinion filed April 18, 1902.

At about a quarter before nine o'clock on the evening of December 25, 1897, Andrew Muszynski was killed at the corner of Exchange avenue and Ninety-first street, Chicago, by contact with a trolley car of the Calumet Electric Street Railway. Muszynski was going south on the west side of Exchange avenue, approaching Ninety-first street, on which a trolley car was coming from the west. There was no obstruction to the vision on the northwest corner of the two streets, and at the time of the accident there were no

vehicles or other things at or about the street intersection, calculated to confuse or interfere with sight or hearing. The car had a headlight on the front end, which was burning, and the car was seen when two blocks distant from the place of the accident, as it turned into Ninety-first street from South Chicago avenue, by witness Lotkowski, who, with his wife and little girl, was standing at the southeast corner of Exchange avenue and Ninety-first street, intending to become a passenger on the car.

The deceased "had no trouble with his eyesight, and his hearing was good." At the time of the accident Muszynski "was walking fast."

The negligence alleged was, that the car was run too fast, and that no bell was rung. There was a verdict and judgment for the plaintiff below for $3,000.

KENESAW M. LANDIS, attorney for plaintiff in error.

W. D. MUNHALL, attorney for defendant in error.

MR. JUSTICE WATERMAN delivered the opinion of the court.

We can not concede the position taken by plaintiff in error that the failure to ring a bell can not have been a proximate cause of the injury. It is true that the deceased, had he carefully looked to the west, would have seen the electric car; but no one does, all the while, observe with care his surroundings. Men ordinarily are to some extent oblivious to that which they might see; especially is this the case where they are accustomed to signals giving warning of the coming or presence of cars, boats, wagons, or even of the hours of day.

Not merely the law, but common usage, as well as proper regard to the safety of others, made it the duty of the car company, as its vehicle approached this crossing, to sound an alarm.

The deceased had a right to expect this; duty toward him demanded that it be done. We can not say that had he thus been timely warned he would, nevertheless, have been killed.

Whether he failed to exercise ordinary care was a question for the jury, and the failure to ring a bell might be taken into consideration in determining whether he was guilty of contributory negligence. St. Louis, V. & T. H. Ry. Co. v. Dunn, 78 Ill. 197.

Whether the car was running at a negligent and dangerous rate of speed was a question of fact for the jury. There was evidence that it was moving at the rate of twenty miles an hour, and it was undisputed that " the rail was bad, slippery," and that there was no sand on the car, there being " no apparatus for retaining sand."

Whether the court erred in not sustaining the objection of defendant below to the question, " Were or were they not running at full speed at the time this man was struck?" is not very material. At the most the answer was but an opinion of a casual traveler that they were running at what she considered " full speed." It was hardly more than her previous answer that they were going "at a good speed."

The testimony of plaintiff's and other witnesses as to the distance the car ran after the motorman saw the deceased and endeavored to check his car, the place where the car stopped, as well as other indications of speed, were sufficient to warrant the conclusion that the car was being operated and moved in a negligent manner.

The judgment of the Superior Court is affirmed.